Hannah Scott *vs.* William Crawford, Jr.—*December, 1840.*

Where to a bill for dower and account of arrears, the answer of the defendant admitted the seizin of the husband, his death, the possession of his family since his death, and alleged, the offer of the defendant to give the complainant one-third of the income derived from the whole estate, or pay her the valuation thereof, and did not deny the marriage, a court of equity has jurisdiction to proceed with the cause, without a trial at law.

An order of the Court of Chancery, directing a bill for dower, to be retained for twelve months, that in the mean while the complainant may proceed at law to establish her title, is not the subject of an appeal.

Appeal from *Chancery.*

The bill in this cause was filed on the 29th July 1834, by the appellant, who claimed dower, as the widow of *Alexander Scott,* deceased, in certain real property described in the bill,

which had been seized under execution during his. coverture with the appellant, and sold to the appellee, who was alleged to be in the possession and seizin of the same.     Prayer for an assignment of dower, and an account of rents and profits, from the death of her husband, which had been denied to her by the appellee, &c.

The appellee, *Crawford*, answered the bill, and alleged, "that he doth not know whether the complainant was married to *Alexander Scott*, but puts her to the proof thereof"; he admits that *A. S.* was seized of, &c., and as a purchaser, this defendant is in possession of all the said tracts or parcels of land; that he doth not know when *A. S.* died, but admits that he is dead; that he did not get possession until after *Scott's* death, the family of *Scott*, including the complainant, being in possession of the same; that so far from treating said *Hannah's* claim (if she has any,) with neglect, that respondent did propose to said *Hannah*, to give her one-third of the income derived from the whole estate, deducting the necessary repairs, taxes, &c., which she refused; that he then offered, that three respectable landholders should value her interest in said lands, and to give her one hundred dollars more than the valuation, which she also refused, &c.

The complainant then filed a general replication—a commission was issued and proof taken, establishing the marriage, and annual value of the property.  After the return of the commission, and on the 11th November 1837, the Chancellor ordered, that the said bill of complaint be and the same is hereby retained for twelve months, with liberty to the plaintiff to bring her action at law, to try her right to dower.   The complainant appealed from that order, and her appeal upon motion was dismissed, and at September term 1839, upon her petition, the cause was set down for final hearing.

At the final hearing, the Chancellor (BLAND,) on the 7th November 1839, dismissed the bill with costs, being of opinion that the plaintiff's right to dower having been drawn in question, a suit at law should have been brought by her to establish the same, as allowed by the order of the 11th Novem-

.ber 1837, but it now appears that no such suit has been brought.

This appeal was argued before STEPHEN, ARCHER, and CHAMBERS, J.

By McLEAN for the appellant, and

By G. R. RICHARDSON for the appellee.

*By the Court.* DECREE REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.